UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-48-MOC

| | |
|---|---|
| WILLIAM HOWARD CAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on plaintiff's (#14) and defendant's (#18) cross Motions for Summary Judgment. The matter is ripe for review. Having carefully considered each motion and reviewed the pleadings, the court enters the following findings and Order.

## FINDINGS AND CONCLUSIONS

**I.     Administrative History**

On February 1, 2013, plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging a disability that commenced on June 1, 2011. (Tr. 9, 212-222). Plaintiff's claim was denied initially and upon reconsideration, and on August 20, 2015, Administrative Law Judge Paula Wordsworth ("the ALJ") issued a written decision denying plaintiff's claim on the basis that he was not disabled within the meaning of the Act. (Tr. 6-18). On January 10, 2017, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3).

**II.    Factual Background**

The court adopts and incorporates the ALJ's factual findings herein as if fully set forth.

Such findings are referenced in the substantive discussion which follows.

### III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, supra.

Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

### IV. Substantial Evidence

**A. Introduction**

The court has read the transcript of plaintiff's administrative hearing, closely read the

decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. Here, the court finds that the ALJ's decision was not wholly supported by substantial evidence, and it will thus be reversed.

**B. Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title XVI pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity ("RFC"), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

**C. The Administrative Decision**

At step one of the sequential evaluation, the ALJ found that plaintiff had not engaged in substantial gainful activity ("SGA") since his alleged onset date. (Tr. 11). At step two, the ALJ found that plaintiff had a severe impairment or combination of impairments within the meaning of the regulations. (Tr. 11-12). At step three, the ALJ found that none of plaintiff's impairments, or any combination thereof, met or equaled one of the conditions in the Listing. (Tr. 12).

Then, before step four and upon review of the record, the ALJ determined that plaintiff had the RFC to perform medium work, with the following limitations: he can frequently bend, crouch, stoop, and climb stairs or ramps; occasionally climb ropes, ladders, and scaffolds; must avoid concentrated exposure to pulmonary irritants and workplace hazards; can work in an environment with a moderate noise level, where he is only required to orally communicate simple information; and he can only perform work at the unskilled level. (Tr. 13-16). Based on this RFC assessment, the ALJ determined at step four that plaintiff was not able to perform any of his past relevant work. (Tr. 16-17). However, at step five the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy. (Tr. 17-18). Such finding ended the sequential

evaluation, with the ALJ finding that plaintiff was not disabled within the meaning of the Act during the period at issue. (Tr. 18).

**D. Discussion**

The court has closely read plaintiff's Amended Memorandum of Law (#19) supporting his Motion for Summary Judgment (#15). Plaintiff argues that the ALJ erred in three ways: first, by failing to properly explain her decision; second, by failing to perform a proper function-by-function analysis; and third, by improperly discounting plaintiff's allegations of hearing loss. The court will address each argument below.

### 1. Whether the ALJ properly explained her decision

Plaintiff argues that the ALJ failed to properly explain her decision as required by Radford. Specifically, plaintiff claims that the ALJ did not adequately explain her conclusion that plaintiff's neck and back pain were non-severe, that the ALJ's reliance on the testimony of the vocational expert was inconsistent, and that the ALJ did not reconcile significant differences between two medical opinions to which the ALJ assigned medium weight.

First, the court finds that the ALJ did adequately explain her conclusion that plaintiff's neck and back pain were non-severe. Plaintiff alleges that the ALJ failed to fully account for Dr. Only's opinion and omitted several aspects of Dr. Only's report that suggest plaintiff has mild-to-moderate limitations from neck and back pain. However, the ALJ did explain why she provided partial weight to Dr. Only's examination, and cited to various elements of the record while analyzing plaintiff's back and neck pain, including Dr. Only's findings that plaintiff had normal range of motion in the neck and back, the State physicians who noted only vague back and neck pain allegations, and other examinations that showed normal motion in the back and neck and no

swelling, tenderness, or deformity in the area. (Tr. 15-16). While she did not voice every element of Dr. Only's report, an ALJ is not required to address every single piece of evidence, but must consider the record as a whole. Naylor v. Astrue, 693 F.Supp.2d 544, 568 (S.D.W.Va. 2010). As the ALJ has provided ample support from the record as a whole for her findings on plaintiff's neck and back pain, the court does not find error in that regard.

Second, the court does not find error in how the ALJ relied on the testimony of the vocational expert in this matter. While the vocational expert testified that plaintiff would still be able to perform his past relevant work of catering delivery driver with the RFC in question, Tr. 68, it is not immediately obvious why the ALJ chose to focus on the vocational expert's testimony that plaintiff could also perform the jobs of supply worker, dietary aide, and sandwich maker. (Tr. 68-69). However, if the ALJ had adopted the vocational expert's testimony on plaintiff's ability to perform his past duties as a catering delivery driver, then the analysis would have ended much sooner but with the same result: that plaintiff is not disabled within the meaning of the Act. While further explanation from the ALJ on this issue would be helpful, it is not grounds for reversal since the error is not outcome-determinative and is thus harmless.

However, the court does find merit in plaintiff's final allegation on this issue, in that the ALJ did not explain an important discrepancy between the findings of the State physicians. One State physician, Dr. Gardner, determined that plaintiff could perform medium work; the other, Dr. Huffman-Zechman, determined that plaintiff was limited to light work. The ALJ assigned medium weight to both opinions and noted that neither included postural or environmental limitations in their RFC analysis, which appears accurate. However, it is unclear from the opinion why the ALJ chose to ignore the significant discrepancy between the two opinions to which she gave medium

weight. While the government's brief points out potential reasons which may justify the discrepancy, it is not this court's duty "to mine the record to uphold a decision absent any explanation from the ALJ." See Marshall v. Colvin, 2016 WL 1089698, at *2 (W.D.N.C. Mar. 21, 2016) (citing Brown v. Colvin, 639 Fed. Appx. 921 (4th Cir. 2016)). Instead, a "narrative discussion" is needed to explain such a conclusion. Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015). With a piece of the narrative missing, the court finds that remand is necessary so that the ALJ may provide additional explanation on this issue. See Radford, 734 F.3d at 295.

### 2. Whether the ALJ performed a proper function-by-function analysis

Plaintiff also argues that the ALJ failed to perform a proper function-by-function analysis, in that the ALJ did not properly consider plaintiff's allegations of a limited ability for concentration or evaluate plaintiff's limits for sitting, standing, and walking. Plaintiff argues that the ALJ's finding for medium work fails to take into account plaintiff's capacity for sitting, standing, and walking, saying that that a finding of a medium work RFC is invalidated by opinions to which the ALJ gave medium weight. Finally, plaintiff argues that the ALJ failed to consider plaintiff's allegations of a limited ability for concentration, which he contends requires remand under Mascio, 780 F.3d at 636 (where the court held that remand is appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review").

As to these assignments of error, the court does not find grounds for remand. While plaintiff claims that the ALJ ignored the opinions of the State physicians that plaintiff could only stand and/or walk a total of six hours in an eight hour day and sit a total of six hours in a normal work day, the court disagrees. The standing and walking requirements for medium work include

standing and walking "off and on" for up to six hours in an eight-hour workday and sitting is "intermittent during the remaining time." Social Security Ruling (SSR) 83-10, *6, 1983 WL 31251 (S.S.A.). Thus, the court does not find a contradiction between the weight the ALJ gave the opinions and plaintiff's capacity for sitting, walking, and standing. Indeed, by adopting the opinions of the State physicians, the ALJ has accounted for the limitations in plaintiff's ability to stand, walk, and sit that are adequately supported by evidence of the record. It is true that plaintiff alleges more severe limitations on his ability to walk, sit, and stand, but the ALJ already stated that opinions like the State physicians' have established that plaintiff's limitations are not as severe as he claims.

Additionally, the court finds no merit in plaintiff's claims that the ALJ wrongly failed to consider plaintiff's allegations of limited ability to concentrate. Aside from an occasional allegation from plaintiff himself, there is absolutely nothing in the record to support that plaintiff has issues with concentration. For example, plaintiff did not report any mental impairments or side effects from medication that could be expected to cause such concentration issues. Again, while the ALJ must consider the record as a whole, she is not required to address every piece of evidence, and cannot be expected to analyze a potential impairment that entirely lacks objective evidence in the record and that plaintiff has failed to prove exists. Naylor, 693 F.Supp.2d at 568; 20 C.F.R. §§ 416.928(a) and 404.1528(a) (plaintiff's statements alone "are not enough to establish that there is a physical or mental impairment").

### 3. Whether the ALJ improperly analyzed plaintiff's hearing loss

Lastly, plaintiff argues that the ALJ improperly ignored plaintiff's hearing loss. Specifically, plaintiff claims that the ALJ failed to order a re-test of an audiogram examination

that provided inconsistent results and that the ALJ overstepped her bounds in applying her own medical analysis of plaintiff's ability to hear during questioning at the hearing. In her decision, the ALJ noted that "the claimant displayed no difficulty hearing, understanding, and/or responding appropriately to questioning." Tr. 15. Plaintiff argues that such is an improper analysis by the ALJ in that she is using her notions of appropriate behaviors to determine the credibility and extent of subjective complaints of a claimant. Hicks v. Heckler, 756 F.2d 1022, 1023 (4th Cir. 1985); Jenkins v. Sullivan, 906 F.2d 107, 108 (4th Cir. 1990); Copeland v. Bowen, 883 F.2d 68 (4th Cir. 1989) (where the court held that "the ALJ's reference to and apparent reliance on his observations at the administrative hearing was improper," as doing so could encourage claimants to manufacture symptoms at the hearing or discourage them from appearing out of fear that they won't appear to be as sick as they feel). By making such a reference, plaintiff argues that the ALJ has interposed herself as a medical expert in this case. Morse v. Shalala, 16 F.3d 865 (8th Cir. 1994) ("[T]he ALJ is not a medical expert and cannot by his legal expertise discount and reject the medical findings and conclusions of the physician."); Freeman v. Schweiker, 681 F.2d 727 (11th Cir. 1982) ("[W]e are convinced that the ALJ improperly substituted his judgment of the claimant's condition for that of the medical and vocational experts."); Nelson v. Shalala, 45 F.3d 436 (9th Cir. 1994) (where the court held that a state ALJ "is not a medical expert" and any finding is "simply an opinion by a non-expert.").

Here, the court does not find grounds for remand. If plaintiff wanted his hearing reexamined, it was his burden to obtain medical evidence supportive of his case, as the burden remains on plaintiff until the fifth step. See 20 C.F.R. § 404.1516. An examination at government expense is not required "unless the record establishes that such an examination is necessary to

enable the administrative law judge to make the disability decision." Jones v. Bowen, 829 F.2d 524, 526 (5th Cir.1987)(*per curiam*, quoting Turner v. Califano, 563 F.2d 669, 671 (5th Cir.1977)). Clearly, there was sufficient evidence for the ALJ to make an informed determination on plaintiff's hearing loss; therefore, no additional examination was warranted.

Further, while it may have been error for the ALJ to comment on plaintiff's hearing, such error is harmless. The court agrees with plaintiff that it is inappropriate for an ALJ to rely on the "sit and squirm" test in determining subjective complaints such as pain; however, there is nothing inherently wrong with an ALJ noting observations she made during a hearing concerning impairments that have an objective aspect, such as hearing loss, especially where those observations are supported by other medical evidence of record consistent with those observations. The ALJ was not substituting her opinion for that of the medical experts in this case, but rather echoing it: the ALJ cited an array of objective evidence in analyzing plaintiff's hearing, including an examination performed by consultative examiner Robert Moore, an "Acoustic Immittance Test," and Dr. Only's evaluation that noted plaintiff's 100 percent hearing ability at normal voice level and ability to converse without reading lips. (Tr. 15-16). As a result, the court finds that the ALJ "relied on independent, objective evidence" in her finding on plaintiff's hearing and that "[o]n the basis of this evidence alone, the ALJ was entitled . . . to discredit" plaintiff's testimony; thus, no reversible error is present. Copeland, 883 F.2d 68.

**E. Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's complaint, the cross Motions for Summary Judgment, and accompanying memoranda. Review of the entire record reveals that the decision of the ALJ was not entirely

supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. As this court finds that there was not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra at 401, plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be reversed and remanded.[1]

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The decision of the Commissioner is **REVERSED**;

(2) Plaintiff's Motion for Summary Judgment (#14) is **GRANTED** only as provided herein;

(3) The Commissioner's Motion for Summary Judgment (#18) is **DENIED** only as provided herein; and

(4) This action is **REMANDED** for further proceedings consistent with this opinion.

Signed: December 15, 2017

Max O. Cogburn Jr
United States District Judge

---

[1] The Court notes that the failure of the ALJ to adequately address the discrepancy between medium work and light work in two opinions afforded equal weight requires remand. The Court has discussed the other assignments of error for purposes of completeness; thus, the granting of plaintiff's motion for remand and the denial of defendant's motion seeking affirmance are subject to the *caveat* of "as discussed herein."